IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-61907-CIV-HUCK/O'SULLIVAN

MARIE CHARLES,

    Plaintiff,

v.

THE HOME DEPOT,

    Defendant.

_____/

## AMENDED REPORT AND RECOMMENDATION[1]

THIS MATTER is before the Court on the Defendant, The Home Depot's Verified Motion for Attorney's Fees and Costs (DE # 72, 2/3/11). This motion was referred to the undersigned by the Honorable Paul C. Huck.  Having carefully considered the motion together with the fact that the plaintiff has not objected as to any issues of entitlement to fees or amount, the undersigned recommends that the Defendant, The Home Depot's Verified Motion for Attorney's Fees and Costs (DE # 72, 2/3/11) be GRANTED as more fully described below.

## BACKGROUND

The plaintiff filed a complaint in this matter alleging she tripped and fell on the defendant's premises.  This case was removed to this Court on December 1, 2009.  On August 13, 2010, the defendant served a proposal for settlement on the plaintiff

---

[1]This Report and Recommendation amends a scrivener's error as to the title of the motion at issue that was contained in the "Recommendation" section of the Report and Recommendation dated March 11, 2011 (DE # 74, 3/11/11).  This Amended Report and Recommendation does not extend the deadlines for the filing of objections to the undersigned's Report and Recommendation.  Any objections by the parties are still due as if the Report and Recommendation was issued on March 11, 2011.

pursuant to Fla. Stat. §768.79 and Fla. R. Civ. P. 1.442.  Summary Judgment was entered in favor of the defendant on December 6, 2010 (DE # 70).  The defendant filed the Defendant, The Home Depot's Verified Motion for Attorney's Fees and Costs (DE # 72, 2/3/11) on February 3, 2011, requesting $9,396.50 in fees and $3,435.21 in costs.  The defendant indicates in the motion that the plaintiff has not objected to any issues of entitlement to fees or amount.  The plaintiff did not file a response.

## ANALYSIS

### I. Attorneys' Fees

#### A. Offer of Judgment/Entitlement to Fees

The defendant claims it is entitled to attorney's fees in this matter pursuant to Florida Statute § 768.79.  The defendant contends that its offer of judgment was not accepted by the plaintiff.  Florida Statute § 768.79 provides in part as follows:

> (1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer . . .
>
> \*       \*       \*       \*
>
> (6) Upon motion made by the offeror within 30 days after the entry of judgment or after voluntary or involuntary dismissal, the court shall determine the following:
>
> (a) If a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme

>  Court, incurred from the date the offer was served . . .

Florida Statute 768.79.

The plaintiff did not respond to the defendant's request for fees pursuant to Florida Statute 768.79. The undersigned finds that the defendant's offer was not accepted by the plaintiff and that the defendant is entitled to fees under Florida Statute 768.79.

### B. Amount of Fee Award

Having determined that the defendant is entitled to an award of attorney's fees incurred in connection with this lawsuit, the undersigned next addresses the appropriate amount of that fee award. In calculating a reasonable attorney's fee award, the court must consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services. See Henesley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933 (1983); Loranger v. Stierheim, 10 F.3d 776 (11th Cir. 1994). These two figures are then multiplied together, resulting in a sum commonly referred to as the "lodestar". Under certain circumstances, the lodestar may be adjusted in order to reach a more appropriate attorney's fee. See Blum v. Stenson, 465 U.S. 886, 888, 104 S.Ct. 1541, 1544 (1984).

The plaintiff has not objected to any issues of entitlement to fees or amount. The amount of requested fees is reasonable. Accordingly, the undersigned finds that the defendant is entitled to recover the entire amount of fees requested in the motion in the amount of $9,396.50.

## II. Costs

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "costs other

than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." "A 'prevailing party' for purposes of Rule 54(d), is a party in whose favor judgment is rendered . . . this means the party who won at trial level, whether or not that party prevailed on all issues, and regardless of the amount of damages awarded."  See All West Supply Co. v. Hill's Pet Prods. Div., Colgate-Palmolive Co., 153 F.R.D. 667, 668-69 (D. Kan. 1994).  The defendant prevailed in this case and, therefore, is entitled to receive costs that are recoverable under 28 U.S.C. § 1920.

In the exercise of sound discretion, the Court has great latitude to ascertain which costs are taxable.  See EEOC v. W&O, Inc., 213 F.3d 600, 619-20 (11th Cir. 2000).  The Court is "bound by the limitations set out in 28 U.S.C. §§ 1821 and 1920." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445, 107 S. Ct. 2494, 2499 (1987); see also W&O, Inc., 213 F.3d at 620.

A judge or clerk of any of the United states may tax as costs the following:

>(1) Fees of the clerk and marshal;
>
>(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
>(3) Fees and disbursements for printing and witnesses;
>
>(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
>(5) Docket fees under § 1923 of this title;
>
>(6) Compensation of court appointed experts, compensation

> of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title

28 U.S.C. § 1920. The defendant indicates in the motion that the plaintiff has not objected to any issues of entitlement to fees or amount. There is no indication in the defendant's motion as to whether the plaintiff objects to costs, however, the plaintiff did not file a response to the instant Motion.

The defendant requests costs in the amount of $3,435.21 in the Motion. The undersigned recommends an award of costs as outlined below.

**1.     Fees of the Clerk**

The defendant seeks reimbursement in the amount of $350.00 for fees of the Clerk. "Fees of the clerk and marshal" are recoverable under 28 U.S.C. § 1920(1). The defendant does not object to this cost request. The undersigned recommends an award to the defendant of ***$350.00*** for expenses associated with fees of the clerk.

**2.     Fees for Service of Subpoenas**

The defendant further requests fees for the service of subpoenas in the amount of $1,170.00. "Private process server fees may be taxed."[2]  W&O, 213 F. 3d at 623. These costs are recoverable under 28 U.S.C. § 1920. The plaintiff does not object to the request for these costs, and the costs are reasonable. The defendant is entitled to recover the costs associated with the service of subpoenas. The undersigned recommends an award to the defendant of ***$1,170.00*** for expenses associated with the service of summons and subpoenas.

---

[2] The United States Marshals Service no longer serves subpoenas for private litigants in civil suits in the Southern District of Florida.

3. **Fees for Photocopies**

The defendant requests reimbursement in the amount of $51.00 for costs associated with photocopies. The plaintiff does not object to these costs and the costs are reasonable. These costs are permitted under the statute. The undersigned finds that the defendant is entitled to recover the costs associated with photocopies. The undersigned recommends an award to the defendant of ***$51.00*** for expenses associated with fees for photocopies.

4. **Fees for Exemplification and the Costs of Making Copies of any Materials Where the Copies are Necessarily Obtained for Use in the Case**

The defendant requests $1,602.21 for costs associated with the fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. This amount is comprised of $1,595.07 for the payment for copies of medical records produced pursuant to subpoena duces tecum listed under the Medical Records heading on page 3 of the defendant's Bill of Costs, and $7.14 for payment to Karen Gleason for medical records produced pursuant to subpoena duces tecum listed under the Subpoena Fee heading on page 4 of the defendant's Bill of Costs. The plaintiff does not object to these costs and the costs are reasonable. These costs are permitted under the statute. The undersigned recommends an award to the defendant of ***$1,602.21*** for the costs associated with the fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.

5. **Fees for an Interpreter**

The defendant requests reimbursement in the amount of $262.50 for costs

associated with an interpreter.  The plaintiff does not object to these costs. Compensation of interpreters and costs of special interpretation services under 28 U.S.C. § 1828 is permitted.  The costs requested by the defendant associated with an interpreter are reasonable and permitted under the statute.  Accordingly, the undersigned recommends an award to the defendant of ***$262.50*** for interpreter costs in this matter.

In accordance with the foregoing the undersigned recommends that the defendant be awarded a total of $3,435.21 in costs.

## RECOMMENDATION

In accordance with the foregoing Report and Recommendation, the undersigned respectfully recommends that the Defendant, The Home Depot's Verified Motion for Attorney's Fees and Costs (DE # 72, 2/3/11) be GRANTED in accordance with the foregoing Report and Recommendation and that the plaintiff be awarded fees in the amount of $9,396.50 and costs in the amount $3,435.21.

The parties have 14 days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul C. Huck, United States District Court Judge.  Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.Ct. 397 (1988); RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida

this 17th day of March, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable Paul C. Huck
All counsel of record